

United States District Court
Southern District of Texas
FILED

JUN 16 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS F. VELASCO | § § § § | C.A. NO. **B-04-097** |
| VS. | § § | |
| | § § | Pursuant to Rule 9(h) of the Federal Rules of Civil |
| AMFELS, INC. | § | Procedure - ADMIRALTY |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF LUIS VELASCO, complaining of DEFENDANT AMFELS, INC., and for cause of action would respectfully show this Honorable Court the following:

I.

Plaintiff is a resident of the Southern District of Texas, Brownsville Division.

II.

Defendant AMFELS, INC. is a Texas corporation authorized to do and doing business in the State of Texas. Service of Summons and Complaint may be made upon this Defendant through its registered agent for service of process, Cheok Yuen Ho 20,000 S. Hwy 48 Brownsville, Texas 78523, via certified mail, return receipt requested.

III.

Jurisdiction in this case is founded solely on the basis of Title 28 U.S.C. § 1333 in that this is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears. This is an admiralty or maritime claim within the meaning of Rule 9(h).

## IV.

Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, in that the Plaintiff and Defendant reside here, and Defendant does business in the Southern District of Texas and is amenable to process here.

## V.

Plaintiff brings this action pursuant to the admiralty and general maritime laws of the United States.

## VI.

At all times material hereto, Defendant owned and/or operated the Amfels Shipyard in Brownsville, Texas where Plaintiff was employed by De Val Construction, Ltd. d/b/a AD Welding Services.

## VII.

At all times material hereto, Plaintiff Luis Velasco was acting within the course and scope of his employment with De Val Construction, Ltd. d/b/a AD Welding Services as a longshoreman.

## VIII.

On or about February 7, 2004, as Plaintiff was performing his duties for De Val Construction, Ltd. d/b/a AD Welding Services at Amfels Shipyard, Plaintiff sustained severe injuries to his neck, midback, lowback, chest, left wrist, and other parts of his body. Said injuries were caused in whole or in part by the negligence of the Defendant, its agents, servants and/or employees.

## IX.

By reason of the occurrence made the basis of this action, including the conduct on the part of the Defendant, Plaintiff sustained severe bodily injuries. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

## X.

As a result of the foregoing injuries, the Plaintiff has suffered a loss of wages in the past and a loss of capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently.

## XI.

Additionally, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

## XII.

As a result of the injuries sustained in the occurrence of February 7, 2004, Plaintiff has suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

## XIII.

Plaintiff is physically impaired as a result of injuries sustained on or about February 7, 2004. As a consequence he has lost the ability to perform household services and, in reasonable probability, this loss is permanent.

**XIV.**

Pleading further, in the alternative, if it is shown that Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

**XV.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff LUIS VELASCO, prays for judgment against Defendant in the amount of ONE MILLION DOLLARS ($1,000,000), pre- and post-judgment interest as allowed by law, for all costs of Court, and all such other and further relief, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: _____
JOSEPH S. JAWORSKI
State Bar No. 10593200
2401 W. Parkwood Avenue, Suite B
Friendswood, Texas  77546
281/992-5393
281/992-5392 (FAX)
www.txattorneys.com

ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

THE BUZBEE LAW FIRM
ANTHONY G. BUZBEE
STATE BAR NO. 24001820