IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS F. VELASCO | § § | |
| VS. | § § | Case Number: B-04-097 |
| AMFELS, INC. | § | |

**APPENDIX TO DEFENDANT, AMFELS, INC.'S
MOTION FOR SUMMARY JUDGMENT**

**EXHIBIT**                                                                                  **EVIDENCE**

A  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Affidavit of Sergio Cavazos

A-1  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Leased Labor Agreement

A-2  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A.D. Welding Company Work Assignment Agreement

B  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Affidavit of Alfredo De La Fuente

B-1  . . . . . . . . . . . . . . . . . . . . . . . . . . . Employer's First Report of Injury or Occupational Illness
(U.S. Department of Labor Form LS-202)

B-2  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Employee's Claim for Compensation
(U.S. Department of Labor Form LS-203)

B-3  . . . . . . . . . . . . . . . . . . Notice to Employer and Insurance Carrier that Claim Has Been Filed
(U.S. Department of Labor Form LS-215a)

C  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Plaintiff's Original Complaint

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS F. VELASCO | § § | |
| VS. | § § | Case Number: B-04-097 |
| AMFELS, INC. | § | |

### AFFIDAVIT OF SERGIO CAVAZOS

| | |
|---|---|
| **STATE OF TEXAS** | § § |
| **COUNTY OF CAMERON** | § |

**BEFORE ME**, the undersigned authority, personally came and appeared **Sergio Cavazos**, Safety Director of Amfels, Inc., who after being duly sworn, did depose and say:

"My name is Sergio Cavazos. I am over 18 years of age and I have personal knowledge and/or information and belief of the following facts, which are true and correct, and am competent and authorized to testify to the facts set forth herein:

1. I am personally familiar with the Leased Labor Agreement between De-Val Construction, Ltd. d/b/a A.D. Welding Company and Amfels, Inc. Pursuant to the Leased Labor Agreement, De-Val Construction, Ltd. d/b/a A.D. Welding Company provides leased labor for the sole benefit of Amfels, Inc. The Leased Labor Agreement provides that "AMFELS will be considered the borrowing employer for purposes of the ... Longshore and Harbor Worker's Compensation Act ... [and] in the event any borrowed servant is injured while working at AMFELS their sole remedy will be their worker's compensation

51839:1122214.1:100704

**DEFENDANT'S EXHIBIT A**

benefits.  <u>A true and correct copy of the Leased Labor Agreement is attached hereto as Exhibit "A1."</u>

2. I am personally familiar with the insurance programs at Amfels, Inc. and how claims are established.  At the time of Mr. Velasco's accident of February 7, 2004, Amfels, Inc. and De-Val Construction, Ltd. d/b/a A.D. Welding Company had insurance coverage under the Longshore and Harbor Workers' Compensation Act ("LHWCA").  Mr. Velasco has made a claim and received medical benefits pursuant to the LHWCA.

3. I am personally familiar with the Work Assignment Agreement between De-Val Construction, Ltd. d/b/a A.D. Welding Company and Amfels, Inc.  The written Work Assignment Agreement, which was signed by Mr. Velasco, was in both English and Spanish.  By his signature, Mr. Velasco specifically acknowledged his status as a *"borrowed servant"* of Amfels, Inc.  <u>A true and correct copy of the Work Assignment Agreement is attached to this affidavit as Exhibit "A2."</u>

4. Mr. Velasco took only work orders from Amfels personnel, in particular, Guillermo Gomez and Ruben Santos, who were his supervisors.  Mr. Gomez and Mr. Santos told him what work to do and directed him to where he was to work at the Amfels ship yard on a daily basis.

5. De-Val Construction, Ltd. d/b/a A. D. Welding Company exerted no control over Mr. Velasco while he was working at Amfels. Rather, Mr. Velasco worked at the sole direction of Amfels

6. At all times, Amfels maintained control of the work Mr. Velasco was to perform and Mr. Velasco was treated in all respects the same as an Amfels' employee.

7. Mr. Velasco and all of the laborers at the Amfels ship yard were working for the sole benefit of Amfels and were required to perform under Amfels standards.

8. At the time Mr. Velasco received his alleged injury, he was working at the Amfels' ship yard, in the inner bottom, port forward side area, performing his work as an electrician's helper, under the supervision of an Amfels' employee.

9. Amfels furnished heavy tools, such as grinders, drills, and electrical tools. Amfels also provided personal protective wear and safety materials. Amfels provided the place of performance, which was the Amfels ship yard, located next to the Brownsville Ship Channel.

10. Plaintiff had been working at the Amfels' ship yard for approximately six months.

11. While Amfels did not have the right to terminate Mr. Velasco's employment with De-Val Construction, Ltd. d/b/a A. D. Welding Company, it had the right, and did in fact terminate Mr. Velasco's

work relationship with Amfels when Mr. Velasco failed to report back to work at Amfels. Mr. Velasco never returned to work after an unexcused absence on March 22, 2004, and Amfels has not heard from Mr. Velasco since March 23, 2004. His termination date was effective as of April 5, 2004.

12. De-Val Construction, Ltd. d/b/a A.D. Welding Company paid Mr. Velasco, but his pay was based on a review of daily time tickets which were supplied to A. D. Welding Company by Amfels. Pursuant to the Leased Labor Agreement, Amfels remitted payment of the gross payroll and a fee to the employee-leasing company, A.D. Welding Company, with which A.D. Welding Company then used to pay Mr. Velasco.

Further affiant sayeth naught."

_____
Sergio Cavazos

**SUBSCRIBED AND SWORN TO BEFORE ME** on this the ___7th___ day of October, 2004.



_____
Notary Public, State of Texas

My Commission Expires: ___12/24/05___