IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 05 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| LUIS VELASCO | § § § |
| VS. | § CIV. NO. B-04-097 § |
| | § PURSUANT TO RULE 9(h) OF THE § THE FEDERAL RULES OF CIVIL |
| AMFELS, INC. | § PROCEDURE – ADMIRALTY |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Luis Velasco files this Response to Defendant's Motion for Summary Judgment and, in support, would show the following:

### I. SUMMARY JUDGMENT EVIDENCE

1.  **Unsworn Declaration of Luis F. Velasco**

2.  **Unswron Declaration of Janie Velasco**

### II. INTRODUCTION

Mr. Velasco suffered a severe back injury on February 7, 2004 at Amfels Shipyard while employed by De-Val Construction as an electrician's helper. Mr. Velasco filed this lawsuit against Amfels, Inc. as a third-party general maritime law negligence claim under Rule 9(h). Amfels pled the borrowed servant defense in its Answer, and it has moved for Summary Judgment, asserting that Velasco was its borrowed servant and that Velasco's sole right of recovery is pursuant to the Longshore and Harbor Worker's Compensation Act. Mr. Velasco presents his Response, supported by the Unsworn Declarations of Luis and Janie Velasco in response. The summary Judgment evidence presented in the Unsworn Declarations of Luis and Janie Velasco creates a genuine issue of material fact regarding whether Mr. Velasco was the borrowed servant of Amfels, Inc. Accordingly, Defendant's Motion for Summary Judgment should be denied.

III. MR. VELASCO WAS NOT A BORROWED SERVANT OF AMFELS, INC.

Amfels has obviously anticipated that workers injured on its premises – legitimately working for and paid by other companies – might sue Amfels for negligence. It is abundantly clear from Defendant's Motion that Amfels, Inc. goes to great corporate lengths to shield themselves from third-party lawsuit liability, while creating "plausible deniability" should any of the workers found on their site be found to be lacking the necessary immigration papers required to sustain employment. Specifically, it is clear that Amfels uses companies such as De-Val Construction as an employment agency to screen employees and then send them to Amfels for "work." Yet, the only evidence that Amfels provides of Mr. Velasco's consent to this arrangement is a "work assignment agreement" in which the worker supposedly agrees to be considered Amfels' "borrowed servant." *See* Defendant's Motion, Exhibit A-2. Mr. Velasco did not consent to this arrangement, as he was rushed to fill out paper work he did not understand, literally and legally. Exhibit A, Unsworn Declaration of Luis Velasco at p. 1-2. Specifically, Mr. Velasco testified in his Unsworn Declaration that he did not have time to read the "Work Assignment Agreement" closely, it was literally one of ten or so documents he was hurriedly made to sign, while being told specifically he would be considered an employee of AD Welding (De-Vals d/b/a). *Id.* at p. 2. In fact, Mr. Velasco's employee identification card clearly identifies him as an AD employee, not an Amfels employee. Obviously, Mr. Velasco did not sign these papers with the assistance of an attorney being present, but given how they are being used against him now – to deprive him of his common law and Constitutional rights to sue under this Honorable Court's Admiralty jurisidiction – maybe he should have been afforded an opportunity to be represented by counsel. That is clearly an absurd proposition (having an attorney present during the mundane task of filling out an application for employment), but given the high-handed, occult legal ramifications covertly contained in the papers

2

this uneducated, unknowing worker signed, perhaps it would be appropriate to consider any ambiguities to be construed against the drafter – as is done in contractual cases. After all, this "Work Assigment Agreement" is being used against Mr. Velasco to establish him as Amfels' borrowed servant as a contract is used against a contracting party in a breach of contract case. But the adhesive nature of the relationship – "you want work? Then sign all these papers!") is precisely the sort of experience that lends itself to abuse. For example, the phrase in AD Welding's Work Assigment Agreement: "I am waiving any and all common law statutory causes of action that I may have against Amfels" meant nothing to Mr. Velasco in English – since he cannot read or write English – and it meant little more in its literal, but meaningless translation into Spanish: "Ley comun y causas of accion estatuarias." One can only wonder what Mr. Velasco – an uneducated laborer – thought that phrase meant. He clearly attached no importance to the phrase "borrowed servant" or "sirvente prestado."

Importantly, Mr. Velasco worked on the Amfels premises as an electrician's helper. The electrician he was helping, and the individual from whom he received all directions (his supervisor!), was Alfredo Valdez, an employee of APCI, not Amfels. *Id.* at p. 1. Accordingly, this element of the borrowed servant test fails to support Amfels' Motion. Moreover, Mr. Velasco furnished all his tools used to work, such as his hammer, measuring tape, electrical tester and pliers. *Id.* at p. 2. He also provided and purchased his own safety equipment and clothing, such as his safety glasses, steel toe boots, long-sleeve work shirts, and safety and welding helmets. *Id.* at p. 2. Accordingly, this element of the borrowoed servant test does not support Amfels' Motion.

Finally, Mr. Velasco speaks and reads only Spanish. *Id.* at p. 3. His wife, Janie, fully and correctly translated the contents of his Unsworn Declaration from English to Spanish, so that the English version could be signed and submitted for the Court's consideration.

## III. CONCLUSION

The contents of the Unsworn Declarations of Luis and Janie Velasco, as well as the attachment to Mr. Velasco's Unsworn Declaration (a reproduction of his AD Welding employee identification card) create a genuine issue of material fact regarding whether Mr. Velasco was Amfels' borrowed servant on February 7, 2004, the date of his serious injury. Specifically, the Unsworn Declarations establish that:

1. Mr. Velasco did not understand (and therefore did not consent to) any "work agreement" that designated him Amfels' "borrowed employee", and he was specifically told by AD Welding personnel as he applied to work that he would be an AD Welding employee. Moreover, Mr. Velasco's employee identification card shows him to be an AD Welding employee;

2. Mr. Velasco's sole supervisor, Alfredo Valdez, was not an Amfels employee, but was, instead, an ACPI employee; and

3. Mr. Velasco furnished his own tools, and safety clothing and gear.

Accordingly, these facts create a genuine issue of material fact regarding whether Mr. Velasco was Amfels' borrowed servant on February 7, 2004 at the time he was severely injured. Thus, Amfels' Motion for Summary Judgment should be denied.

WHEREFORE, Plaintiff Luis Velasco, prays that the Court deny Defendant's Motion for Summary Judgment, and for such other and further relief to which he may be justly entitled.

Respectfully submitted,

By _____
Joseph S. Jaworski
State Bar No. 10593200
1910 Ice Cold Storage Building
104 21st Street (Moody)
Houston, Texas 77550-1617
Tel: (409) 762-5393
Fax: (409) 762-0538

OF COUNSEL:
**THE BUZBEE LAW FIRM**
Anthony G. Buzbee
State Bar No. 24001820

ATTORNEYS FOR PLAINTIFF
LUIS VELASCO

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served, via certified mail, return receipt requested and/or facsimile transmission, on this the **4th day of November, 2004**, on the following:

Mr. Keith Uhles
Royston, Rayzor, Vickery & Williams
P.O. Box 3509
Brownsville, Texas 78523
*Via Facsimile (956) 542-4370 and*
*CM RRR 7002 0860 0001 0748 4773*

_____
Joseph S. Jaworski